IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BARRETT,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-11-02367 |
| v. | : | (Judge Rambo) |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Petitioner Michael Barrett ("Barrett"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 22, 2011, seeking an order compelling Respondent to place him in a residential re-entry center ("RRC") for the last twelve (12) months of his sentence.[1] (Doc. 1.)  For the reasons that follow, the petition will be denied.

---

[1] Petitioner makes this request pursuant to an incentive provision in the Second Chance Act of 2007.

**I.     Background**

Barrett was sentenced on April 14, 1998,[2] in the United States District Court for the District of Maryland to a 151 month term of imprisonment for bank robbery by force or violence, and aiding and abetting, in violation of 18 U.S.C. § 2113(A) & (F) & § 2.  (Doc. 7-2 at 3, Ex. A, D. Ferry Decl.)  His projected release date is April 5, 2013.  (*Id*. at 4.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law.  The Second Chance Act increases the duration of pre-release placement in an RRC from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6)(C) (2008).  Thereafter, the BOP issued two guidance memoranda, dated April 14, 2008, (Doc. 7-2 at 9-18), and November 14, 2008, both of which required approval from the Regional Director for RRC placements of longer than six (6) months.  The interim regulations that passed on

---

[2]  In his petition, Barrett states that he was sentenced on April 16, 1998.  (Doc. 1 at 2.) The electronic docket of his case in the Maryland District Court indicates that the sentencing was held on April 14, 1998, and the judgment of sentence was entered on April 16, 1998.  *See United States v. Barrett*, Dok. No. 1:97-CR-00396 (D. Md.) (Docs. 15 & 16.)

October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Moreover, "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22 (2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen (17) to nineteen (19) months prior to the inmate's probable release date. (Doc. 7-2 at 11.) After approval from the Warden, referrals are then forwarded to the Community Corrections Manager at least sixty (60) days prior to the maximum recommended date. (*Id*., citing BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedures*.) Each inmate recommendation and referral is conducted by staff with the understanding that inmates are entitled to a maximum RRC placement of twelve (12) months, but that specific RRC placement recommendations should be based on an individualized assessment of a particular inmate's needs for services, public safety, and the necessity of the BOP to

manage its inmate population responsibly. (Doc. 7-2 at 4; citing BOP Program Statement 7310.04.)

More recently, on June 24, 2010, the BOP issued a revised guidance memorandum to its staff which prescribed policies for RRC placements. (Doc. 7-3 at 35-40, Ex. A, Attach. 7, June 24, 2010 Guidance Memo.) This policy guidance underscores for prison staff that all inmates are, by law, eligible for up to twelve (12) months pre-release RRC placement. (*Id*.) While the memo acknowledges that not all inmates may be appropriate for RRC placement, it further notes that with respect to those inmates who may appropriately be placed in an RRC setting, the length of the RRC placement must be determined on an individual basis. (*Id*.)

When assessing an inmate for RRC recommendation, the Unit Team considers the criteria set forth in 18 U.S.C. § 3621(b), including the inmate's need for services, public safety, the necessity of the prison to manage its inmate population responsibly, and any other pertinent information that will assist in rendering a decision. (Doc. 7-2 at 4.) In every instance, the goal of the statute and policy is to provide each inmate with an RRC placement of a sufficient duration to provide the greatest likelihood of successful reintegration into the community, while ensuring the safety of the public. (*Id*.; Doc. 7-2 at 9-18.) Further, the Unit Team must review the resources of the

facility contemplated, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, any statement of the court that imposed the sentence, and any pertinent policy statement issued by the U.S. Sentencing Commission. (Doc. 7-2 at 4.) The inmate's institutional conduct and programming are also an important part of this assessment process, and are considered to determine whether additional RRC time is warranted as an incentive for positive behavior by the inmate under 42 U.S.C. § 17541. (*Id*.)

On September 29, 2011, Barrett's Unit Team reviewed him for RRC placement. (*Id*. at 5.) It was noted at that time that although Barrett has a 151 month sentence, he had significant community support, an established release plan, and assistance in finding employment. (*Id*.) In addition, the Unit Team reviewed several letters from individuals in the community assuring staff that Barrett will have financial resources, a residence, an automobile, and emotional and spiritual support upon his release. (*Id*.) Finally, it was noted that Barrett's institutional programming will be considered separately and apart to determine whether additional RRC time will be warranted under 42 U.S.C. § 17541. (*Id*.)

After review, the Unit Team proposed a recommendation of 150-180 days of RRC placement. (*Id*.) This recommendation was forwarded to the Warden for

approval, but no decision has yet been rendered regarding Barrett's RRC recommendation. (Doc. 12.)

On December 22, 2011, Barrett filed the instant petition. (Doc. 1.) On December 29, 2011, an order directing service of the petition was served upon Respondent. (Doc. 5.) Respondent filed a response to the petition on January 17, 2012. (Doc. 7.) Barrett's traverse followed on January 30, 2012. (Doc. 8.) Further, on May 7, 2012, Respondents filed a status report indicating that Barrett's RRC recommendation remains pending before the Warden. (Doc. 12.). Thus, the instant petition is ripe for consideration.

## II. Discussion

As set forth above, Barrett has not yet received a decision from the Warden as to his Unit Team's RRC recommendation. Therefore, Barrett's habeas petition is procedurally flawed. Specifically, Barrett's claims are not yet ripe for adjudication because the BOP has not yet made an RRC placement decision in his case. The court cannot address a petitioner's concerns without the existence of some genuine, currently justiciable case or controversy between the parties. Thus, a ripe dispute is an essential prerequisite to any exercise of judicial authority. As this court has observed,

> "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2130, 119 L. Ed. 2d 343 (1975). The Supreme Court has described three elements that comprise the "irreducable constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A plaintiff must first "have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.'" *Id*. (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). Next, the injury suffered by the plaintiff must by casually connected to the conduct of which the plaintiff complains: "the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.'" *Id*. (quoting *Simon*, 426 U.S. at 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*.

*Griffin v. Holt*, Civ. No. 3:08-CV-1028, 2008 WL 5348138, at *2 (M.D. Pa. Dec. 17, 2008).

In this case, Barrett claims that he has been unlawfully denied access to the release program. Apparently, however, the government has yet to make that decision. Therefore, because a final RRC placement decision had not been made at the time Barrett filed his habeas petition, it was not ripe, nor is it now. As decided in other cases, where an inmate seeks judicial intervention in the RRC placement process

7

before a final placement decision has been made, a habeas petition must be dismissed since the petition is premature and does not present a justiciable case or controversy. *See, e.g.*, *Rosario v. Scism*, Civ. No. 1:10-CV-2600, 2011 WL 444145 (M.D. Pa. Feb. 1, 2011); *Stanko v. Ebbert*, Civ No. 4:09-CV-2180, 2010 WL 1805387 (M.D. Pa. May 5, 2010); *Sass v. Thomas*, Civ. No. 08-300-MA, 2009 WL 2230759 (D. Or. July 23, 2009); *Calloway v. Thomas*, Civ. No. 08-544-MA, 2009 WL 1925225 (D. Or. July 1, 2009); *Griffin v. Holt*, Civ. No. 3:08-CV-1028, 2008 WL 5348138 (M.D. Pa. Dec. 17, 2008). Moreover, the Third Circuit Court of Appeals has expressly held that an inmate may not bring a habeas challenge to an anticipated Second Chance Act decision prior to final agency action by the BOP. *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010) (finding that because no BOP decision had been made in petitioner's case, any injury based on the application of the Second Chance Act to him was speculative). Therefore, based on this precedent, Barrett's petition will be dismissed since no final agency action has been taken, and this matter is not yet ripe for resolution by the court.[3]

---

[3] The court notes that even if it were to consider the merits of Barrett's petition, the petition would be denied. As stated herein, Barrett has asked this court to direct the BOP to give him a 12-month RRC placement rather than the 150-180 days recommended by his Unit Team. However, the Unit Team's recommendation of a 150-180 day RRC placement rather than a 12-month RRC placement does not violate any rights guaranteed to him by the Constitution or laws of the United States. After reviewing the RRC recommendation and report, attached as an exhibit to

**III.   Conclusion**

Based on the foregoing, the petition for writ of habeas corpus (Doc. 1) will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  June 13, 2012.

---

Respondent's response, it is clear that Barrett's Unit Team complied with all the provisions of the Second Chance Act as required by 18 U.S.C. § 3621(b) and 42 U.S.C. § 17541. Specifically, the Unit Team gave him individualized consideration consistent with the factors of 18 U.S.C. § 3621(b), and separately considered his participation in skills development programming as a possible incentive under 42 U.S.C. § 17541.  (*See* Doc. 7-3 at 2-28.)  Therefore, even if his petition was ripe for consideration, it would be denied on the merits.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL BARRETT,** | : |
| Petitioner | : CIVIL NO. 1:CV-11-02367 |
| v. | : (Judge Rambo) |
| **DAVID J. EBBERT,** | : |
| Respondent | : |

# **O R D E R**

**AND NOW**, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: June 13, 2012.